SADIE H. ANCKER

*v.*

WILBUR F. STIERHEM et al.

[Decided May 14th, 1928.]

1. Where a mortgagee has begun foreclosure proceedings on a mortgage, it is neither illegal nor inequitable for him to refuse to assign the mortgage to the maker upon the maker's offering to pay him the principal, interest and costs, and this court will not enjoin further proceedings in the suit.

2. Where two joint debtors execute a bond and mortgage to secure the payment of their joint indebtedness, either one may pay the whole amount thereof to the holder of the mortgage out of his individual funds after the time specified for payment has expired, and on making such payment he is entitled to delivery of the bond and mortgage to him, leaving for future determination the rights, if any, which he may have acquired against his fellow debtor by reason of such debt.

———

On appeal from a decree in chancery advised by Vice-Chancellor Ingersoll.

*Messrs. Cole & Cole,* for the appellant.

*Messrs. Thompson & Hanstein,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is a bill filed by Mrs. Sadie H. Ancker to foreclose a mortgage given by the defendants, Wilbur F. Stierhem and Frances E. Stierhem, who are husband and wife, to secure a joint bond given by them, conditioned to repay the amount of a loan of $3,000 made to them by the complainant, together with the interest thereon, the bond and mortgage having matured and remaining unpaid. To this bill the defendant Wilbur F. Stierhem filed an answer admitting the existence

of the joint indebtedness, the execution of the bond and mortgage to secure its payment, and the default in such payment, but setting up as a bar to the complainants' right to a decree of foreclosure the following facts: That his wife has filed a bill in the court of chancery against him, alleging that she is the. equitable owner of the mortgaged premises, the title to which stands in his name, and praying that he may be decreed to hold it as a trustee for her benefit; that he has answered his wife's bill, denying that he holds the lands subject to a trust in her favor, and alleging that she has no interest whatever in the mortgaged premises, and that this suit is still pending and undetermined. He then alleges that, after the present foreclosure suit was instituted, he offered to pay the complainant the principal and interest due upon her mortgage, together with the costs incurred by her in the foreclosure suit, upon the condition that she would discontinue that suit and execute to him an assignment of the bond and mortgage, and that she refused to make such an assignment to him. He then avers that it will not be safe for him to pay the mortgage indebtedness pending the determination of the litigation between himself and his wife, and asks that the complainant, upon being paid by him the amount due upon the bond and mortgage, together with the costs incurred in the foreclosure, be compelled to execute to him an assignment of the bond and mortgage, such assignment, as he alleges, being necessary for his protection in case the litigation between himself and his wife should be determined in her favor.

Upon the filing of the answer a motion was made on behalf of the complainant to strike it out, upon the ground that the facts set out therein constituted no bar to the complainant's right to a decree of foreclosure, and upon the hearing had upon the motion an order was entered directing that the answer be stricken out. From this order the present appeal is taken.

In our opinion the case before us comes directly within the doctrine promulgated by this court in *Davis* v. *Flagg, 35 N. J. Eq. 491.* In that case one Baldwin held a second mortgage, duly made and executed by Mrs. Flagg, the owner of

the mortgaged premises. He filed a bill in chancery for the foreclosure of this mortgage, and Mrs. Flagg put in an answer setting up a defense. Baldwin then obtained an assignment of a first mortgage upon the premises, also given by Mrs. Flagg, and caused the assignment to be made to one Davis, who was in reality a mere dummy of his. This having been done, Davis filed a bill to foreclose the first mortgage. It appeared in the case that prior to the institution of this latter suit a representative of Mrs. Flagg offered to pay the money due on the first mortgage, provided an assignment thereof should be made to a third person, who was willing to advance the money in her behalf, and this request was refused. The offer and refusal having been set up as a bar to the prosecution of the foreclosure suit, upon the theory that the refusal was inequitable, because it was based upon an immoral motive, and, the court considering that such theory was supported by the facts, an order was granted, which, in effect, was as follows: That if, upon a tender made by Mrs. Flagg, or by anyone in her behalf, of the full amount of the principal and interest due upon a mortgage held by Davis, together with his taxed costs, the said Davis should refuse to assign his bond and mortgage to such person or corporation as Mrs. Flagg might designate, all further proceedings in such foreclosure suit should be stayed. Upon appeal this order was reversed, the ground of reversal being that the assignee of the first mortgage, being the legal owner thereof, was under no obligation to assign it to the maker thereof, or to a person acting in her behalf, in order to entitle him to payment of the mortgage debt, no matter what the motive which induced him to refuse to make such assignment might be; that such refusal, no matter what was its basis, was neither illegal nor inequitable, and afforded no ground for restraining the further prosecution of the foreclosure suit.

It seems proper that, before concluding this opinion, we should point out that, where two joint debtors execute a bond and mortgage to secure the payment of their joint indebtedness, either the one or the other may, after the time specified in those instruments for the payment of the debt has expired, pay the whole amount thereof to the holder of the

bond and mortgage out of his individual funds, and that upon making such payment he is entitled to the delivery. of the bond and mortgage to him by the mortgagee—leaving for future determination the rights, if any, which he may have acquired against his fellow-debtor by reason of such payment.

The decree under review will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.    15.

*For reversal*—None.